**DECLARATION OF: Michael Staples**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case-

I, **Michael Staples,** declare as follows:

1. I am over the age of eighteen (18) and competent to make this declaration. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify truthfully.

2. I am a **healthcare compliance professional** with over **19 years** of experience in the regulation, investigation, and compliance oversight of medical practices, pharmacies, and controlled substance prescribing and dispensing.

3. My professional background includes: Please see attached CV

4. I am familiar with the **Federal Controlled Substances Act,** its implementing regulations, and **Florida laws and administrative rules governing controlled substance prescribing and dispensing,** including Florida Administrative Code Rule 64B16-27.831.

5. I have reviewed information regarding **Dr. Roderick Beaman, Omega Health & Wellness,** and the corporate exclusion imposed by **CVS Pharmacy, Inc.,** including descriptions of CVS's refusal to fill all controlled substance prescriptions written by Dr. Beaman.

6. Based on my training and experience, **pharmacists are required to exercise independent, professional judgment on a prescription-by-prescription basis** when determining whether to dispense a controlled substance.

7. Florida Administrative Code Rule 64B16-27.831 establishes minimum standards of practice that require a pharmacist, when a concern arises, to take reasonable steps to determine the validity of an individual prescription. These steps include communication with the patient, communication with the prescriber or the prescriber's agent, and review of prescription monitoring program data.

8. In my professional opinion, a **blanket corporate policy that categorically refuses to fill all prescriptions written by a particular physician, without individualized review,** is inconsistent with the intent and structure of Rule 64B16-27.831, which is designed to preserve pharmacist-level professional judgment.

**EXHIBIT**

**3**

9. Corporate compliance programs may assist pharmacists in identifying potential risks, but such programs **should not replace or eliminate the pharmacist's obligation to conduct individualized assessments** when concerns arise regarding a controlled substance prescription.

10. Based on the information I have reviewed, CVS's exclusion of Dr. Beaman does not appear to have involved:

- Review of individual patient medical records

- Prescription-specific pharmacist assessments

- Direct pharmacist-to-prescriber communications regarding particular prescriptions

11. In my professional experience, prescriber-level exclusions imposed without individualized review can result in:

- Disruption of legitimate patient care

- Interference with physician–patient relationships

- Elimination of licensed pharmacist discretion

- Increased risk of patient harm due to interrupted treatment

12. I am not aware of any Florida or federal regulation that authorizes a corporate pharmacy entity to categorically prohibit pharmacists from exercising professional judgment solely based on the identity of the prescribing physician, absent specific regulatory findings or disciplinary action.

13. In my opinion, compliance with controlled substance regulations is best achieved through **individualized, prescription-specific review**, not blanket exclusions based on aggregated prescribing data alone.

14. The compliance framework governing controlled substances contemplates a **shared but individualized responsibility** between prescribers and pharmacists, not the replacement of professional judgment with automated or corporate directives.

15. I submit this declaration to assist the Court in understanding the regulatory and compliance implications of prescriber-based exclusions and their impact on lawful medical care.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26 day of January , 2026, in Liberty Township, Ohio .

Michael Staples
Declarant